Submitted on record and briefs April 6, affirmed November 7, 2007, petition for review denied February 13, 2008 (344 Or 109)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## STEVEN ALLAN BEAMAN,
*Defendant-Appellant.*

Washington County Circuit Court
C033023CR; A125644

171 P3d 402

Patrick M. Ebbett and Chilton, Ebbett & Rohr, LLC, filed the opening brief for appellant. Steven A. Beaman filed the supplemental brief *pro se*.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Janet A. Metcalf, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

PER CURIAM

## PER CURIAM

After a trial to the court, defendant was convicted of numerous crimes stemming from a series of burglaries. On appeal, he argues that the trial court violated his federal Confrontation Clause rights by admitting evidence of statements made by an accomplice who did not testify.[1] The state concedes that the trial court erred, and we accept that concession. *See Crawford v. Washington*, 541 US 36, 124 S Ct 1354, 158 L Ed 2d 177 (2004). The state argues, however, that the error was harmless because other evidence adduced by the state overwhelmingly supports defendant's convictions and because the trial court did not rely on the erroneously admitted evidence. We affirm.

■■  Under the federal constitution, a conviction may be affirmed in spite of a trial court error if the error was harmless beyond a reasonable doubt. *State v. Kayfes*, 213 Or App 543, 556, 162 P3d 308 (2007). To determine whether the error in this case was harmless beyond a reasonable doubt, we consider the entire record, including the importance of the improperly admitted testimony to the state's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the improper testimony on material points, and the overall strength of the state's case. *Id.*

■  The improperly admitted evidence consisted of testimony by two police officers about statements made by Sam Hamby, who had been arrested on suspicion of involvement in the burglaries. According to the officers, Hamby told them that he and defendant had committed the burglaries along with two other men, Barnes and Liddicoat; that either defendant or Barnes drove the group to the burglaries; that defendant normally wore gloves when committing burglaries and stated that he did so to avoid leaving fingerprints; and that defendant gave stolen checks to his girlfriend, Lawson, to cash.

Three other accomplices—Lawson, Barnes, and a woman named Smith—testified about the same facts,

---

[1] Defendant also argues that the trial court erred in failing to apply the "shift to column I" rule when imposing consecutive sentences. We reject that argument without discussion.

thereby corroborating Hamby's statements. For example, Lawson testified that she and defendant occasionally went to Liddicoat's house and that defendant, Hamby, and Barnes left and returned later with stolen goods; that he told her about going into houses and stealing things; that defendant wore gloves so that he would not leave fingerprints; and that he gave her checks that he said were stolen. In addition to the testimony of the accomplices, the state introduced the testimony of other witnesses and numerous items of evidence that linked defendant to the crimes. In short, the police officers' testimony about Hamby's statements was cumulative and did not contribute significantly to the overall strength of the state's case.

Furthermore, it appears that the trial court did not rely on Hamby's statements. When it announced its verdict, the court expressly found that Lawson, Barnes, and Smith had testified truthfully and that their testimony connected defendant to the crimes "in a very credible way." It made no reference to Hamby's statements.

We conclude that admission of the evidence about Hamby's statements was harmless beyond a reasonable doubt.

Affirmed.